against Sheriff Dart. Appeal number 19-1791. We'll hear first from Mr. Greco. May it please the court, counsel, and the clerk, my name is Michael Greco and I present the plaintiff appellant in this case, Kenyatta Bridges. As you know from the briefs, the primary issue is whether Mr. Bridges has alleged sufficient facts to indicate a widespread custom or practice of Sheriff Dart of flouting the low bunk orders which are ordered usually by medical personnel treating physicians in the Cermak hospitals or in the Cook County Hospital. Mr. Greco, let me start you out, please, because how could three or even five incidents over a seven-year period establish a widespread, widespread pattern or practice? I assume that those years covered tens of thousands of inmate admissions to the jail. Did you uncover any evidence of how often lower bunk prescriptions were ignored? I did not. I mean, it appears that these lawsuits that you cite represent a minuscule fraction of inmates. It may be a minuscule fraction of inmates or detainees, however, the failure to apply the low bunk orders were not itinerant. In Mr. Bridges' case, he was first ordered a low bunk order by the treating physician in the Cook County Hospital or in the Cermak Hospital on March 26, 2014. He was kept in his upper bunk all the way until he fell on April 24, 2014, causing the injury that prompted this lawsuit. In the case of Stewart, Stewart alleged that he was denied his lower bunk prescription for a period of four or five years, 2005 to 2009. I concede that this is a relatively small amount of detainees, but when litigation is precipitated by the policy of dull policy or the ignoring or flouting of the low bunk orders or low bunk prescriptions, I submit that that does send a signal to Sheriff Dart and to the powers that be, the under-sheriffs and the supervisory personnel within Sheriff Dart's structure that there is an issue and that there's a problem. There were other instances... Mr. Greco, can I ask you a question? Do you have your brief with you? I can point you to it. You may remember it. One of the points that you make that stood out to me, and I want to ask this as a legal question, is you said, this is at the bottom of page 17, that defendants in separate federal lawsuits, you know, the fact that these other lawsuits exist, indicates the presence of a lower bunk orders, and this is the important part to me. Regardless of whether it was proved or disproved in the prior cases, well, that last part seems quite important to me, whether the other events occurred or did not, and we don't know that from a lawsuit alone, and my question for you as a legal matter, are there courts that have so held? That's correct, Your Honor, and I What are the legal citations that go with that? I could not find a case that specifically so held. However, the allegations themselves operate to serve notice effectively to Sheriff Dart and his undersheriffs, his supervisory personnel, as to the existence of this issue. I know that counsel referred to the Grieveson versus Anderson case involving Indiana courts, and that was obviously an extremely grievous set of injuries that was inflicted on Grieveson. However, in his particular case, he did have identified the individual deputies or corrections officers. As far as allegations, I also submit that the fact that Sheriff Dart does not admit or deny allegations of not applying a low bunk order indicates some attempt to concealment. Under Federal Rule 8, they've asserted that they have no knowledge, whereas generally, if conduct is imputed to a defendant directly, they're in a position to go through their record. But this was a summary judgment case, was it not? Yes, it was, Judge. And so, you could have, unless there's some barrier that you can identify, you were able to take discovery and say, look, I can find on, you know, the Internet three or five or maybe 15 or 25 cases. Yes, Judge. But in the discovery process, you actually could have developed facts to support, not only did these incidents occur, but to try to put that evidence together in a way to demonstrate the pattern requirement, as Judge Rovner is highlighting. Right, I mean, you had that ability in discovery, or your client did. Yes, that's correct. We did do the written discovery, submitted for its deposition, and it was unfortunately a somewhat difficult deposition, as counsel has highlighted. You mean a deposition of the plaintiff? Yes, that's right, yeah. When I did move to extend the time for discovery, that was denied, and Judge Shaw stated that if the parties can work it out, let them work it out, but we were not able to work that out. So, I was probably more behind those cases than allegations in the complaints and the neither admit nor deny no knowledge answers in those respective cases that I've cited. And again, as far as I, concededly, the case law does have a temporal component to the, it's more compelling when incidences are relatively close together, and the number of incidences has to indicate a widespread practice or custom that's applied to affect the constitutional deposition. I submit that these five instances, well, three instances that I concentrated on in the appellate brief, which are comparable to Mr. Bridges' treatment, it suggests at least enough to get to a jury and to justify denial of the motion for summary judgment. Even though two of the cases were settled and without any admission of liability, and one was dismissed, the sheriff was aware of a widespread practice. Is there? I submit that he would be, and I believe that the no knowledge answers to the allegations of this ignoring a low bunk order speaks to cognizance that this is a practice that is happening in the Cook County Jail, and that it's happening enough that people... But why should we care about those? I mean, those were answers given by the sheriff to the complaint, but, you know, as has been noted, once discovery has progressed, why should we care about those answers? I submit that rather than admit the specific answers of no knowledge by the sheriff, by Sheriff Dart, who has access to information to describe his offices, his indicates some intent or animus to conceal the policy of no policy, or they know that the ignore lower bunk policy. So that's, unfortunately, that really was everything that I developed from the record. I submit that the allegations, the complaint, and the answers in not just the, in this case, Bridges, but also the prior incidents of Michael and Stuart and Anderson involving disregarded low bunk orders are sufficient, albeit not overwhelming. I mean, it's not, I haven't been able to develop evidence that it's pervasive, but sufficient to show that when lower bunk prescriptions come up, the, issued by the treating physicians personnel, they're ignored or flouted. Why aren't the complaints simply hearsay? The complaints... When offered against the sheriff. The complaints are hearsay, however, the sheriff answered the complaints, and their answers would be no knowledge. Right. The assertion of no knowledge. All right. Thank you. Okay. Thank you, Mr. Greco. For the sheriff, Ms. Haidari. May it please the court. My name is Rana Haidari, and I represent defendants and appellees in this matter. First, I would like to start by clearing up some mistakes that counsel alleged to. First, it is completely untrue that Mr. Bridges was in the upper bunk from March 26 until April 24th when he fell out of the bunk. Mr. Bridges was actually assigned the upper bunk on April 23rd, 2014, which is almost a full month after he got the lower bunk assignment. And second, it is untrue that Judge Schaad denied motions to, motions to extend discovery. Discovery was actually extended three times in this case. This is a case where there are no individual claims. This is exclusively a Monell claim against the plaintiff has failed to offer any evidence against the sheriff to create a genuine issue of material fact to establish Monell liability. Plaintiff has also failed to present any evidence to establish a due process element under Miranda versus County of Lake. Under Miranda, plaintiff needed to show that the actions of the officers were purposeful, knowing, or reckless. The record is devoid of any facts which would demonstrate anyone acted knowingly purposefully or recklessly. In this matter, plaintiff failed to present any facts that a reasonable jury could determine met the second prong of Monell. Plaintiff needed to establish that there was a widespread practice or usage that was so permanent and well settled that it constituted a custom. Furthermore, the alleged practice could not be a random or isolated event. Rather than offering any facts or evidence, plaintiff relied exclusively on his complaint where he cited to three prior lawsuits. These lawsuits are from 2005, 2010 and 2012. At the summary judgment stage, the party who has the burden of proof at trial cannot rest exclusively on a pleadings. They must affirmatively demonstrate facts or has failed to do so here. There was no finding of liability, as I think Judge Robner said in any of these cases, and judgment was not entered in these cases. These mere allegations in the complaint do not constitute evidence. They do not establish tribal issues of fact, and there was no evidence of any connection between these cases. There's no evidence that the conditions were the same, that they were on the same tier, or that there was any sort of supervisor in common who would have known that these things were happening. These cases are not remotely similar in any way. These cases are also too far apart in time to establish a widespread practice, which is so pervasive, which would establish a custom. Is there any evidence in the record, Ms. Hedary, about how many lower rank prescriptions are in place at any given time in the jail? No, Your Honor. Plaintiff did not establish that evidence. And you all didn't offer any? They did not ask for it. The jail housed around 9,000 inmates on any given day. Based on plaintiff's own allegations, this happened at most four times in nine years, from 2005, which was the Stewart incident, to 2014, which is plaintiff's own. When taking into account the jail population, it simply cannot be established that overlooking four lower bunk orders in nine years, with 9,000 inmates a day, would amount to a pervasive practice. The record is devoid of a single fact that would show any of these allegations are even true. Even if these complaints were not considered as mere hearsay, there's nothing on the record that would show at most negligence of the individual officers. As I previously stated, plaintiff had two years to conduct discovery, and discovery was extended three times in this matter. Plaintiff failed to take any depositions of the plaintiffs in the cases where he was alleged, the other cases he was alleging. He has failed to offer summary judgments or statements of facts in those cases, and he did not take a 30B6 deposition in this case, or any depositions in this case, to establish any policy or any practice or custom of the sheriff. Did the plaintiff take any depositions at all? Plaintiff took no depositions in this matter, Your Honor. Under federal rule of civil procedure 5060, plaintiff could have asked for more time to conduct discovery once defendant's summary judgment was filed to gather more information to properly respond. He also failed to do this. Plaintiff has failed to take any of the necessary steps to establish any evidence or any facts to prove that there was a policy that became a custom, that was so pervasive it was a custom at the jail. Plaintiff merely asked the district court and is now asking this court to And at the summary judgment stage, the court does not need to speculate or make inferences. Speculation is not admissible evidence and does not create a genuine issue of material facts. For what it's worth, reasonable inferences from the evidence are part of summary judgment practice. Yes, Your Honor. But not speculation. Yes. We've said that over and over again. These are not reasonable inferences. They were instances that happened over the course of nine years. There's nothing to show that these were not just incidents of negligence. There's nothing to show that somebody acted recklessly, purposefully, or knowingly. With 9,000 inmates a day, do you know how many separate admissions there are in a That's math that's gonna be a little tricky for me to pull off for a number of for numbers of individuals per year you spend time in the jail so okay but I think mathematically it evens out a 300 go and 300 come at that time or the jail numbers are much lower now in 2020. This court has repeatedly determined that one three and four instances are not enough to establish Monel. Grieveson versus Anderson held that four instances of deliberate indifference to a medical claim were not enough to establish a practice. This court also established in a state of Moreland versus Dieter that three instances of pepper spraying were not enough to establish a customer practice. So far this court has not liability. Plaintiff is asking that Dart be held liable for Sheriff Dart be held liable for the actions of an unknown employee. However a municipality cannot be held vicariously liable for the actions of its employees. There's no genuine issue of material fact to give to a jury because plaintiff has offered no facts in this case and viewing all the facts in the light most favorable to the plaintiff the only thing we can conclude is that there was at most a mistake made by someone who worked for the sheriff. There's no evidence that the sheriff knew of this particular situation or of any of the other three particular situations. A municipality may have a sound program and it may be administered negligently on occasion. That is at most what happened here that in itself does not establish Moneau. Plaintiff is unable to understand to establish that there was a policy which was the moving force behind his injury. I would also like to address plaintiff's assertions that the Cook County State's Attorney's Office is in collusion with the sheriff which I think were his exact words in his brief to answer lack knowledge. Under federal rule of civil procedure eight a party can lack knowledge based on the information they have at the time. So at that time when those cases were answered the party lacked knowledge and those cases didn't get far enough for anybody to amend the complaints. I see that my yellow light is on your honor so if this court has no further questions we ask that you affirm this just you affirm the district courts order granting summary judgment in favor of defendants. Thank you. Thank you How much time is left for plaintiff? We'll make it a minute. I submit that the answers to the complaints in the Bridges case as well as in the Michael Stewart and Anderson case cases are relevant and again if the allegation in the complaint is of Sheriff's Darts Department's conduct that is information that should be within Sheriff's Darts records within his bank of information. He should be able to admit or deny that the complaints and these particular allegations alleging his conduct so it's where the where there's a no knowledge affidavit no knowledge answer I find it surprising that counsel would suggest that it's up to the plaintiff to amend the complaint to somehow tease out a more compelling answer so I we're we're talking about a fairly number small number of cases but these are all separate lawsuits unlike the Dieter case where there was pepper spraying or the Grable case where people had their cars towed so I submit that there is on this record. I see my time is up. All right thank you Mr. Greco. Thanks to both counsel the case is taken under advisement.